UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VALPAK DIRECT MARKETING**
**SYSTEMS, INC.,**

    **Plaintiff,**

v.                                                Case No.  8:08-cv-382-T-30MAP

**THE HIATT GROUP, LLC; JOHN DAVID**
**HIATT; GAIL BENSON HIATT,**

    **Defendants.**
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for More Definite Statement or in the Alternative Motion to Dismiss and Memorandum of Law in Support (Dkt. #6), and Plaintiff's Opposition to Defendants' Motion for More Definite Statement and Alternative Motion to Dismiss (Dkt. #7).  The Court, having considered the motion, response, Complaint and incorporated exhibits, and being otherwise advised in the premises, concludes that Defendants' motion should be denied.

**Motion for More Definite Statement Standard Under Rule 12(e).**

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  However, motions for a more definite statement

are disfavored under the law. *Campbell v. Miller*, 836 F.Supp. 827, 832 (M.D. Fla. 1993). "A motion for a more definite statement should only be granted when the pleading to which the motion is directed is so ambiguous or vague that a party cannot be reasonably expected to respond." *Eye Care Int'l., Inc. v. Underhill*, 92 F.Supp.2d 1310, 1316 (M.D. Fla. 2000). "Furthermore, a motion for more definite statement is not to be used as a substitute for discovery." *Id.*

### Motion to Dismiss Standard Under 12(b)(6).

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1959.

**Discussion.**

Plaintiff Valpak Direct Marketing Systems, Inc. ("Plaintiff" or "Valpak") brings a four count Complaint against Defendants, The Hiatt Group, LLC ("Hiatt Group"), John David Hiatt ("Mr. Hiatt"), and Gail Benson Hiatt ("Mrs. Hiatt") (collectively referred to as the "Defendants") alleging: Count I - Breach of Contract (against Hiatt Group), Count II - Breach of $175,000 Promissory Note (against Hiatt Group), Count III - Breach of $129,914 Promissory Note (against Hiatt Group), and Count IV - Breach of Guaranty (against Mr. and Mrs. Hiatt, individually).

**I.      Motion for More Definite Statement.**

Defendants move for a more definite statement as to Count I (Breach of Contract) and Count IV (Breach of Guaranty). Defendants argue that Count I of Plaintiff's Complaint fails to identify the specific products or services the Hiatt Group ordered and the amount that remains unpaid for such products or services. Defendants also argue that Counts I and IV of Plaintiff's Complaint fail to specifically allege the amounts owed under the Franchise Agreement or the basis of the obligation to pay "other amounts due."

"Under Florida law, the elements for a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *J.J. Gumberg Co. v. Janis Services, Inc.*, 847 So.2d 1048, 1049 (Fla. 4th DCA 2003). Upon a review of the Complaint, the Court concludes that Plaintiff has sufficiently alleged all required elements of a breach of contract

action in Counts I and IV of the Complaint. Defendants' argument that Counts I and IV do not provide the amount that remains unpaid for products or services under the Franchise Agreement may be easily remedied by simple subtraction. Plaintiff has alleged total damages in the amount of $477,139.19, which includes alleged damages under two promissory notes in the amounts of $175,000 and $129,914. Thus, the remaining damages alleged for unpaid products or services under the Franchise Agreement equals $172,225.19 ($477,139.19 - ($175,000 + 129,914) = $172,225.19).

Defendants argue that a more definite statement is required in order to explain Plaintiff's allegation in Paragraph 22 of the Complaint which states: "Further, Defendant The Hiatt Group, LLC has failed and refused to make payment of all other amounts due and owing to Plaintiff, including the balances of the $175,000 promissory note and the $129,914 promissory note, upon termination of the Franchise Agreement." More specifically, Defendants argue that Plaintiff fails to set forth the basis for Hiatt Group's obligation to pay "all other amounts due."

A review of the incorporated Franchise Agreement resolves Defendants' dilemma. Section 13.1 of the Franchise Agreement entitled "Termination/Default" states, in pertinent part: "It shall be an event of default if FRANCHISEE (or any of its Owners): (a) fails to timely pay any fees, payments for Mailings, or any other amounts due to COMPANY . . ."[1] Since an explanation of the basis for Hiatt Group's obligation to pay "other amounts due"

---

[1] Dkt. #1-2, Exhibit "A", Section 13.1(a).

is provided in an incorporated exhibit to Plaintiff's Complaint, the Court concludes that it is not necessary for Plaintiff's Complaint to be amended in order to more fully explain the basis of its allegations. Defendants can obtain more specific information through discovery.

For these reasons, the Court concludes that Plaintiff's Complaint is not so ambiguous or vague that Defendants cannot be reasonably expected to respond; therefore, Defendants' motion for more definite statement is denied.

**II.    Motion to Dismiss.**

In the alternative, Defendants argue that Count IV of Plaintiff's Complaint should be dismissed for failure to state a cause of action. Specifically, Defendants argue that under the terms of the Guaranty[2] Mr. and Mrs. Hiatt are only liable for the Hiatt Group's obligations under the Franchise Agreement. Defendants argue that the promissory notes are not obligations under the Franchise Agreement and that Plaintiff's allegations in Count IV are repugnant to the express terms of the Guaranty.

In Paragraph 31 of Count IV, Plaintiff alleges, in pertinent part: "Defendants John D. Hiatt and Gail B. Hiatt breached the terms of the Guaranty by failing to render payment and performance of the obligations of The Hiatt Group, LLC under the Franchise Agreement, the $175,000.00 promissory note and the $129,914.00 promissory note." Accepting all the factual allegations in the complaint as true and evaluating all inferences derived from those facts in the light most favorable to Plaintiff, the Court concludes that Plaintiff has sufficiently

---

[2] Dkt. #1-3, Exhibit "B".

stated a cause of action for breach of a guaranty agreement. The terms of the Guaranty do not appear to be repugnant to the allegations contained within Count IV, however, the terms do require a further review of the Franchise Agreement in order to determine the full scope of Hiatt Group's obligations, which were personally guaranteed by Mr. and Mrs. Hiatt.

For these reasons, Defendants' motion to dismiss is denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion for More Definite Statement or in the Alternative Motion to Dismiss and Memorandum of Law in Support (Dkt. #6) is **DENIED**.

2. Defendants are directed to file an answer to the Complaint within twenty (20) days of the entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida on May 6, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-382.mtd 6.frm