UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VALPAK DIRECT MARKETING
SYSTEMS, INC.,

     Plaintiff,

v.                                    Case No.: 8:08-cv-382-T-33MAP


THE HIATT GROUP, LLC,
a Texas limited liability
company, JOHN DAVID HIATT,
an individual, and GAIL BENSON
HIATT, an individual,

     Defendants.
_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court on Plaintiff's Motion for

Entry of Final Judgment After Default (the "Default Motion,"

Doc. 43). Through counsel, Plaintiff claims that it is

entitled to $453,734.96 from Defendant, the Hiatt Group, LLC

(the "Hiatt Group"). For the reasons that follow, the Default

Motion (Doc. 43) will be granted.

### I.    Factual and Procedural Background

Plaintiff, Valpak Direct Marketing Systems, Inc., a

franchiser of direct-mail advertising businesses, is suing its

franchisee, the Hiatt Group and its owners, John and Gail

Hiatt (collectively, the "Defendants"), for breaching the

parties' franchise agreement. Specifically, Plaintiff asserts

Defendants failed to pay for mailings and other products and services furnished under the franchise agreement and to make payment under two promissory notes. These proceedings are stayed against the individual Defendants, John Hiatt and Gail Hiatt (the "Hiatts"), due to their pending Chapter 7 bankruptcy proceedings (Docs. 32-34).

On January 1, 2009, Plaintiff filed a Motion for Sanctions (Doc. 30), which was referred to Magistrate Judge Mark Pizzo for disposition.  On February 6, 2009, counsel for the Hiatt Group filed a Motion to Withdraw as Counsel for the Hiatt Group (the "Motion to Withdraw," Doc. 36). On February 19, 2009, Magistrate Pizzo granted the Motion to Withdraw (Doc. 39).  On March, 19, 2009, Magistrate Pizzo filed a Report and Recommendation (Doc. 40) recommending that the Court grant the Motion for Sanctions due to the Hiatt Group's failure to comply with discovery, appear at mediation or respond to the Court's direct orders.  Magistrate Judge Pizzo recommended that the Court strike the Hiatt Group's pleadings and enter default judgment against it. (Doc. 40). On May 1, 2009, the Court adopted Magistrate Pizzo's Report and Recommendation and found the sanctions he recommended to be appropriate (Doc. 40). On May 4, 2009, the Clerk entered default judgment against the Hiatt Group (Doc. 42) and struck

its pleadings.

## II.  Default Judgment Standards

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV,Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment.  See Tyco Fire & Sec. LLC v. Alcocer, 2007 WL 542583, at *2 (11th Cir. Feb. 22, 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id.  A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact and bars the defendant from contesting those facts on appeal.  Id. at

1206.[1]

Federal Rule of Civil Procedure 54(b), which governs separate judgments upon multiple claims, provides as follows:

> When more than one claim for relief is presented in an action, .... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Otherwise, an adjudication of fewer than all the claims or the rights and liabilities of all the parties is not an appealable final decision. *In re* S.E. Banking Corp., 69 F.3d 1539, 1547 (11th Cir. 1995) (purpose of Rule 54(b) is to prohibit piecemeal appeals).

**III. Analysis**

Here, Plaintiff asks the Court to enter a final judgment following default and to award it $453,734.96, as calculated in the attached Affidavit. See Affidavit of Plaintiff's General Counsel, Mr. Donald McCreery (Doc. 43-2).

After a thorough review of Plaintiff's pleadings and the record, the Court finds that Plaintiff has stated a valid cause of action for Breach of Contract (Count I) and Default

---

[1] Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

under the terms of a $175,000.00 Promissory Note and a $129,914.00 Promissory Note (collectively, the "Promissory Notes")(Counts II and III) against the Hiatt Group. Further, Plaintiff has provided substantial support for the allegations contained in the Complaint and for the relief sought.[2]

The Hiatt Group has completely failed to plead or otherwise defend against Plaintiff's claims in this case. In addition, the Hiatt Group failed to retain new counsel, despite being warned that under well-settled case law and Local Rule 2.03(e), M.D. Fla., a corporation cannot represent itself.

Plaintiff cites only Federal Rule of Civil Procedure 55(b), governing default judgments as the basis for its entitlement to default final judgment. Plaintiff fails to cite or discuss Federal Rule of Civil Procedure 54(b) governing separate judgments upon multiple claims. The Supreme Court has outlined a two-prong analysis for determining whether a judgment should be certified under Rule 54(b). First, the district court must determine whether the

---

[2] Count IV, Breach of Guaranty, is against only the individual Defendants, John D. Hiatt and Gail B. Hiatt for failure to render payment and performance of the obligations of the Hiatt Group under the Franchise Agreement and the Promissory Notes.

judgment is final.  Second, the district court must determine whether there is any just reason to delay entry of an individual final judgment.  See Canadyne-Ga. Corp. v. Bank of Am., 2001 WL 1571002, *1 (M.D. Ga. Dec. 5, 2001).

Here, the Hiatts' ultimate liability is yet to be determined, which would seemingly preclude entry of final judgment.  However, the Court finds that because it is not clear when the Hiatt's bankruptcy stay will be lifted, refusal to enter a final judgment against the Hiatt Group would preclude Plaintiff from recovering the monies the Hiatt Group clearly owes.  An entry of judgment for the Hiatt Group is final as it stands separate and apart from an entry of judgment against the Hiatts personally.  Plaintiff is entitled to default judgment under both of the standards set forth above.  The Hiatt Group has demonstrated a serial disregard for the Court's Orders. Thus, the Court finds that the Default Motion (Doc. 43) should be granted.

**IV.  Conclusion**

Accordingly, it is **ORDERED**, **ADJUDGED** and **DECREED** that:

1.    The Default Motion (Doc. 43) is **GRANTED**.  Judgment by default is entered in favor of Plaintiff and against the Hiatt Group.

2.    Plaintiff shall have and recover from the Hiatt

6

Group the sum of $453,734.96 (consisting of $211,044.37 under

the Franchise Agreement, $175,000.00 Promissory Note and

$129,914.00 Promissory Note, minus a $23,404.23 credit owed to

the Hiatt Group).[3]

   3.   Plaintiff shall immediately provide the Hiatt Group

with a copy of this Order via certified mail.

   **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>25th</u>

day of June 2009.


                                   VIRGINIA M. HERNANDEZ COVINGTON
                                     UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

_____

   [3] The Hiatt Group is entitled to the credit under the
terms of the Franchise Agreement. Specifically, following the
termination of Defendants' franchise, and as permitted under
the Franchise Agreement, Plaintiff assumed certain of the
Hiatt Group's operations and collected customer accounts,
which pertained to mailings made prior to the Hiatt Group's
termination. Plaintiff collected $26,004.70 in customer
accounts, paying a commission of 10% to persons undertaking
the collection, for a net total received by Plaintiff of
$23,404.23.